Nott, J.,
delivered the opinion of the court:
Two objections are, raised in this case on the part of the defendants.
The first is thus stated by their counsel: The claimant has received his maximum compensation. The defendants owe him nothing. If he recovers, it will be in effect for the use of his deputies; and what he owes or will owe to them — i. e., what they will be entitled to receive — does not appear.
In an ordinary suit at law, this undoubtedly would be a good defense. But in the case of The United States v. Harmon (147 U. S. R., 268), the Supreme Court decided that whether the payment of the amount of a judgment in favor of a marshal will exceed his maximum compensation as marshal and the proper expenses of his office is a matter which will still be open for adjustment at the Treasury.
It is true that the fact did not appear in the Harmon Case, as it does in this, that the marshal had received all that he was entitled to in the way of compensation — his maximum. But it did appear that he might have received it, or that the judgment, when paid, might carry his compensation up to a total exceeding that allowed by law.
It has also been suggested on the part of the defendants *317 that the remitting of this question to the Treasury for determination will be the destroying of the finality of a judgment, by enabling the accounting officers to reduce it in amount and adjudge that a sum certain is not due and owing from the defendants to the claimant where the judiciary has adjudged that it is.
But this court does not understand that the decision in the Harmon Case will have that effect or remove the final determination of a party’s legal rights from the judicial forum to that of the accounting officers. In these cases, there is a constantly running account between the parties. At the moment when a suit is brought the marshal may be entitled to recover the fees which are the subject of the action. Before judgment is rendered he may 'receive other fees, bringing his compensation up to the maximum. Therefore the right to payment in these cases must always be subject to the maximum condition imposed by the statute. If the accounting officers, in the determination of his fees and the proper expenses of his office, refuse to credit the officer with items to which he is legally entitled, an action will lie on the judgment for the unpaid balance, and the legality or the illegality of these items will then be a subject for judicial determination. (Brown's a Case, 6 C. Cls. R., 174; United States v. O’ Grady, 22 Wall. R., 641.)
The second objection is, that it does not appear why the names of two or more witnesses were not inserted in the same subpoena as required by the Revised Statutes, sec. 829, in order to “save unnecessary expense.”
The twenty-fifth clause of that section is in these words:
“But when more than two writs of any kind required to be served in behalf of the same party on the same person might be served at the same time, the marshal shall be entitled to compensation for travel on only two of such writs; and to save unnecessary expense, it shall be the duty of the clerk to insert the names of as many witnesses in a cause in such subpoena as convenience in serving the same will permit.”
The clause “ as convenience in serving the same will permit’* implies that the provision is directory and not mandatory. Someone must determine the question of convenience, and that person is manifestly the clerk. It is not neces’sary to hold in this case that the clerk has a discretion which can not be a subject of review in a court, and the court does not so *318 decide. But it seems manifest that where the duty prescribed by statute is cast upon another officer and not upon the claimant, and where the claimant’s accounts, as in this case, have been approved by a district court, the burden of proof is upon the defendants to show collusion between the clerk and the marshal or to establish the fact that no question of “convenience” could have existed for the determination of the clerk in the case of each contested item.
The judgment of the court is that the claimant recover, subject to adjustment at the Treasury under the decision of The United States v. Harmon (147 U. S. R., 268), $3,215.48.